UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE E. LATIMORE,                )   No. C 11-0538 CW (PR)
                                   )
            Petitioner,            )   ORDER DENYING PETITION FOR A
                                   )   WRIT OF HABEAS CORPUS
      v.                           )
                                   )
VINCE CULLEN, Warden,              )
                                   )
            Respondent.            )
_____   )

INTRODUCTION

     Petitioner seeks federal habeas relief from his state
convictions.  For the reasons set forth below, the petition for
such relief is DENIED.

BACKGROUND

     In 2008, an Alameda County Superior Court jury convicted
Petitioner of first degree murder with a rape felony-murder
special circumstance.  He was sentenced to life without the
possibility of parole, plus nine years.  Petitioner filed the
instant federal habeas petition after he was denied relief on

state judicial review.[1]

Evidence presented at trial demonstrates that in 1994 Petitioner stabbed to death and raped Gwendolyn Evans, an adult female.  Sperm cells found in Evans's vagina and rectum bore Petitioner's DNA signature.  (Ans., Ex. F at 1-3.)

As grounds for federal habeas relief, Petitioner alleges that the trial court violated his due process right to a fair trial by denying his motions to (1) admit evidence of the victim's reputation; (2) exclude expert opinion testimony; and (3) exclude impeachment evidence.

STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

---

[1] The state appellate court did modify the judgment to award Petitioner presentence conduct credits.  (Ans. Ex. F at 17.)

law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413.  The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the relevant state court decision.  <u>Id.</u> at 412.

If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" <u>Penry v. Johnson</u>, 532 U.S. 782, 795 (2001) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993)).

DISCUSSION

I.  Exclusion of Evidence of Victim's Reputation

Petitioner claims that the trial court violated his right to due process by excluding evidence that the victim had a reputation as a "toss up," that is, a woman who exchanges sex for crack cocaine.  Defense counsel thought this evidence would show that another person raped and killed Evans.  The trial court, citing rape-shield laws, excluded the reputation evidence because it was "inadmissible to show that someone else committed the

3

killing unless the defense could identify a specific person who was present near the time Evans was killed." (Ans., Ex. F at 4-5.)

The state appellate court rejected Petitioner's federal due process claim:

> [Petitioner]'s position at trial was that the prosecution had failed to prove his sex with Evans was nonconsensual and that someone else could have raped and murdered her. He relied on evidence that a small amount of sperm that could not be matched to his DNA profile was detected on the underwear she was wearing. [Petitioner] was not prevented from presenting his defense; at most, the court rejected some evidence concerning that defense.

(Id. at 10.)  Furthermore, any error was harmless:

> Here, even without the reputation evidence offered by [Petitioner], the jurors knew that Evans was a drug user who had left her family for several days at a time before her death, most likely for the purpose of using drugs.  They also knew that sperm that did not match [Petitioner]'s was found on her underwear.  The reputation evidence proffered by [Petitioner] would not have had a significant impact on the jurors' impression of Evans, nor would it have countered the very powerful physical evidence against him.  Given that [Petitioner]'s sperm was found in Evans's vagina but not on her underwear, and given the position in which her body was found, the most reasonable inference was that [Petitioner]--- not the person whose sperm was found on her underwear --- was the last person to have sex with her before she was killed.  It is not reasonably probable the jurors would have reached a different conclusion based solely on Evans's reputation for sometimes having sex in exchange for drugs, especially when that reputation evidence was not linked to any particular individual possessing the motive and opportunity to have killed her the night before her body was discovered.

United States District Court
For the Northern District of California

(Id. at 10-11.)[2]  Evidence presented at trial demonstrated that Evans had a crack addiction, a crack pipe was found next to her corpse which was found in a place known to be frequented for prostitution and drug use.  (Ans., Ex. F at 2.)

The exclusion of evidence does not violate the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Montana v. Egelhoff, 518 U.S. 37, 43 (1996) (quotation omitted).  The defendant, not the state, bears the burden to demonstrate such a violation.  Id. at 47 (internal quotations and citations omitted).  "While the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." Holmes v. South Carolina, 547 U.S. 319, 326 (2006).

In deciding if the exclusion of evidence violates the due process right to a fair trial or the right to present a defense, a reviewing court balances five factors:  (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier

---

[2] The state appellate court also disposed of this claim on state law grounds.  (Id. at 5-10.)

5

United States District Court
For the Northern District of California

of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. <u>Chia v. Cambra</u>, 360 F.3d 997, 1004 (9th Cir. 2004); <u>Drayden v. White</u>, 232 F.3d 704, 711 (9th Cir. 2000).

Petitioner's claim lacks merit. The state court reasonably determined that Petitioner was not prevented from presenting his defense. Petitioner sought to use the reputation evidence to show that someone else could have raped and killed the drug-abusing and allegedly promiscuous Evans. Because other evidence tended to prove this assertion -- testimony regarding Evans's crack addiction, her corpse found in a house known for prostitution and drugs, and the presence of semen from someone other than Petitioner in her underwear -- the state court's decision was reasonable.

Even without this deference, the <u>Chia</u> factors weigh against Petitioner. The evidence was indeed cumulative, as described by the state appellate court. Because other evidence supported the defense theory, the reputation evidence lacked sufficient probative value and certainly was not a major part of the defense. Because it was cumulative, only corroborating evidence would justify the admission of the reputation evidence, as the trial court determined. Otherwise it was simply duplicative and inflammatory. Finally, because the reputation evidence was cumulative, Petitioner is unable to show that he was prejudiced

by its exclusion.  On such a record, Petitioner's claim is

DENIED.

II.   Expert Testimony

Petitioner claims that he was prejudiced by a prosecution witness's testimony that the evidence of Petitioner's guilt was "overwhelming."  More specifically, Petitioner contends that this statement constituted improper opinion testimony, and erroneously suggested that the prosecution possessed additional incriminating evidence not presented at trial.

The relevant facts are as follows.  The prosecution witness was Inspector Brock, a police homicide investigator who presented the Evans case to the prosecutor for a charging decision:

> During cross-examination, defense counsel asked
> Inspector Brock whether he had ordered DNA or
> fingerprint testing on cigarette packs found at the
> murder scene.  Brock said he had not.  On redirect, the
> prosecutor elicited the following testimony:
>
> Q:  Inspector Brock, if fingerprints were
> found on any of those cigarette packs that
> did not belong to the defendant, would you
> have not brought this case over to the
> District Attorney's office for charging?
>
> A:  Absolutely not.
>
> Q:  And why do you say that?
>
> A:  Because the evidence from the sperm that
> was found inside her from the vaginal and
> rectal swabs and smears, was overwhelming.
> The photos were overwhelming.
>
> Defense counsel objected and moved to strike the
> testimony, which the trial court denied.  The
> prosecutor continued,

United States District Court
For the Northern District of California

7

United States District Court
For the Northern District of California

Q:  Now if a fingerprint that was found on
the cigarette pack belonged to the defendant,
that would just be an example of the
corroboration that you spoke of when
discussing whether or not the cigarette packs
were tested, during cross-examination?

A:  It would go a step further as far as
corroboration, absolutely.

Q:  Now at the time that you were
investigating this case or throughout the
entire time that you investigated this case,
did you have any specific information about
whether or not [Petitioner] even smoked? And
when I say smoked, I mean cigarettes.

A:  I had no idea.

(Ans., Ex. F at 12)(quotation and paragraph marks removed).

The state appellate court rejected Petitioner's claim that
he was prejudiced by the use of the word "overwhelming."  It
found Brock's opinion unsurprising because he "made the remark
while explaining why his decision to take the case to the
district attorney would not have been altered by the presence of
fingerprints or DNA evidence on the cigarette packs." (Id. at
13.)  Understood in this context, and in light of the jury
instructions on reasonable doubt and credibility, Brock's
testimony "would not have had the effect of usurping the jury's
function as the trier of fact." (Id.)

Petitioner is not entitled to habeas relief on this claim.
The state appellate court reasonably concluded that
"overwhelming" was not prejudicial when seen in context.  First,
it is not surprising that the police detective who investigated

8

the case and presented his findings to the district attorney for prosecution would call the DNA evidence "overwhelming."  Second, Brock used "overwhelming" to explain why he did not investigate the fingerprint evidence.  In his opinion, the highly persuasive DNA evidence made it entirely unnecessary to find other evidence to establish Petitioner's presence at the crime scene.  Third, Brock's comment does not plausibly suggest that the prosecution had evidence of guilt not presented at trial.  "Overwhelming" clearly referred only to the DNA evidence, and nothing in Brock's testimony even hints that there was unpresented evidence. Fourth, the jury instructions were proof against any possible prejudice.  Specifically, the trial court instructed the jury that it was the sole trier of fact, which meant that it alone decided credibility and the significance of any evidence.  Jurors are presumed to follow their instructions.  See Richardson v. Marsh, 481 U.S. 200, 211 (1987).  Petitioner has not overcome this presumption.  Fifth, even if the above considerations are disregarded, there has been no showing of prejudice. Specifically, the presence of Petitioner's semen in the victim's body defeats any contention that Brock's comment had a substantial and injurious effect or influence in determining the jury's verdict.  The claim is DENIED.

III. Evidentiary Rulings

     Petitioner claims the trial court violated his right to due process by (A) excluding impeachment evidence, and (B) admitting

evidence of a prior consistent statement.

A.   Impeachment Evidence

Petitioner claims that the trial court violated his right to due process when it excluded impeachment evidence against prosecution witness Rhonda Davis. Davis testified that she had seen Petitioner and Evans entering an apartment on the night before her corpse was discovered there. Petitioner sought to impeach Davis by introducing evidence that she had committed and was charged with misdemeanor perjury in 2001. The charges were dismissed. The trial court excluded such evidence on grounds that it was collateral and that proving it would unduly consume trial time. It did, however, admit evidence that Davis had been convicted of a felony count of selling drugs in 1989.

The state appellate court agreed that proving the misdemeanor conduct was a collateral and time-wasting issue, and therefore the trial court did not abuse its discretion. Furthermore, there was no prejudice, owing to the admission of Davis's felony conviction.

Petitioner's claim lacks merit. The state court reasonably determined that the trial court's ruling was correct. Proving Davis's conduct related to dismissed charges would involve the time-consuming presentation of witnesses who would be subject to examination and cross-examination, and the possibility of rebuttal witnesses. State judges have "'wide latitude' to

10

exclude evidence that is 'repetitive . . . only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'" <u>Crane v. Kentucky</u>, 476 U.S. 683, 689-90 (1986)(quoting <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 679 (1986)). The trial court's ruling falls well within this broad latitude, and therefore the state appellate court's ruling was reasonable. This conclusion is bolstered by the fact that the trial court admitted evidence of the felony conviction.

Also, Petitioner has not shown prejudice. Davis's felony conviction is strong impeachment evidence. The allegation of misdemeanor conduct that failed to result in a conviction adds little or nothing to such evidence. Petitioner's claim is DENIED.

B.   Admission of Prior Consistent Statement

Davis made inconsistent statements to a district attorney's investigator, evidence of which was presented at trial. The prosecutor sought to rehabilitate Davis by presenting evidence of prior <u>consistent</u> statements. Petitioner claims that the trial court violated his right to due process by admitting these rehabilitative statements because they did not qualify as prior consistent statements. The state appellate court concluded the comments caused no prejudice. (Ans., Ex. F at 16-17.)

Petitioner's claim fails. First, nothing in these facts shows that Petitioner was denied his right to present a defense. He was allowed to call attention to and cross-examine Davis

11

regarding her inconsistent statements.  Just as he has a right to impeach a witness, the prosecution has a right to rehabilitate one.  Petitioner has shown no authority to the contrary.  Second, this Court must defer to the trial court's determination, which the state appellate court did not disturb, that the statements qualified as prior consistent statements under California law.  Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  Third, Petitioner has not shown prejudice.  Petitioner's semen was found in Evans's corpse, which is sufficient to show a connection both to Evans and to the crime scene.  Davis's testimony, however convincing, was far less powerful than such highly probative physical evidence.  This claim is DENIED.

CONCLUSION

The state court's denial of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.

1

2   The Clerk shall enter judgment in favor of Respondent, and

3 close the file.

4   IT IS SO ORDERED.

5

6 DATED: 9/30/2012

7               CLAUDIA WILKEN
                 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California