UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE E. LATIMORE, | ) | No. C 11-0538 CW (PR) |
| | ) | |
|     Petitioner, | ) | ORDER GRANTING MOTION TO EXTEND |
| | ) | TIME TO FILE A NOTICE OF |
|   v. | ) | APPEAL; |
| | ) | |
| VINCE CULLEN, Warden, | ) | ORDER CONSTRUING NOTICE OF |
| | ) | APPEAL AS TIMELY-FILED |
|     Respondent. | ) | |
| _____ | ) | |

    This is a closed federal habeas corpus action. The petition was denied and judgment was entered in favor of Respondent on September 30, 2012. Petitioner now moves for an extension of time to file a notice of appeal (NOA). (Docket No. 14.) For the reasons stated herein, Petitioner's motion is GRANTED.

    An appeal of right may be taken only by filing a valid NOA in the district court within the time allowed by Federal Rule of Appellate Procedure 4. See Fed. R. App. P. 3(a)(1). The NOA must be filed within thirty days after judgment is entered. See Fed. R. App. P. 4(a)(1). Under this rule, Petitioner should have filed his

NOA no later than October 30, 2012, which is thirty days after judgment was entered. His notice was filed about a week later, on November 7, 2012.

Relief from the deadline for filing an NOA may be obtained by a motion in the district court under Federal Rule of Appellate Procedure 4(a)(5) (motion for an extension of time) or 4(a)(6) (motion to reopen time to file appeal). Federal Rule of Appellate Procedure 4(a)(5) allows a motion for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. "No extension under this rule 4(a)(5) may exceed 30 days after the prescribed time [that is, within 30 days after the deadline for filing an NOA has passed] or 14 days after the date when the order granting the motion in entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

In the instant matter, the deadline to file a motion for an extension under Federal Rule of Appellate Procedure 4(a)(5) was November 29, 2012, which is thirty days after the final day to file an NOA, here October 30, 2012. Petitioner's motion was signed on November 4, 2012, which is before November 29th, and therefore is timely filed within the meaning of Federal Rule of Appellate Procedure 4(a)(5). (Though stamped as received by this Court on November 7th, for purposes of the present motion the Court assumes that Petitioner put the motion in the prison mail the day he signed it and will use that as the filing date under the prisoner mailbox rule. See generally Houston v. Lack, 487 U.S. 266, 276 (1988).)

Petitioner, then, had until November 29, 2012 to file an NOA. Therefore, his NOA filed on November 7, 2012 is timely. The Court also finds that Petitioner has shown good cause. The Clerk of the Court shall process Petitioner's appeal. The Clerk shall also send a copy of this order to the Ninth Circuit Court of Appeals forthwith.

    IT IS SO ORDERED.

DATED: 3/18/2013

CLAUDIA WILKEN
United States District Judge